UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISCTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DOMINICK MORAGLIA** § | |
| § | |
| **Plaintiff,** § | |
| § | **Case No.**_____ |
| v. § | |
| § | |
| **CAREINGTON INTERNATIONAL** § | |
| **CORPORATION** § | |
| § | **JURY TRIAL DEMANDED** |
| **Defendant.** § | |

**PLAINTIFF'S ORIGNAL COMPLAINT**

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Dominick Moraglia ("Plaintiff" or "Moraglia") hereby presents this, his Original Petition against Defendant, Careington International Corporation, ("Careington" or "Defendant") and for causes of action respectfully shows the Court as follows:

**I.**

**INTRODUCTION**

1. Plaintiff would show the Court that Defendant wrongfully discriminated against him on the basis of his age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. s.626 et seq. and under the Texas Commission on Human Rights Act, Tex. Lab. Code Section 21.001 *et. seq.* (the "TCHRA").

2. Plaintiff would further show that Defendant discriminated against him on the basis of his sex in violation of Title VII of the Civil Rights Act, as amended and Chapter 21 of the Texas Labor Code.

**II.**

**PARTIES**

3. During all times mentioned in this Complaint, Plaintiff, Dominick Moraglia was and is a resident of Texas, residing at 2804 Creek Bend Court, McKinney, Texas 75072. Plaintiff may be contacted through his attorney of record, Nicholas A. O'Kelly, Kilgore & Kilgore, PLLC, 3141 Hood Street, Suite 500, Dallas, Texas 75219.

4. Defendant, Careington Corporation is a domestic for-profit corporation in the business of delivering discount dental plans to local, regional, state, and national clients. Defendant's headquarters are located 7400 Gaylord Parkway, Third Floor, Frisco, TX 75034 and may be served through their authorized agent for service, Melissa J. Bauman at that address or wherever may be found.

### III.

### JURISDICTION AND VENUE

5. Pursuant to 28 U.S.C. s. 1331, jurisdiction is appropriate in the United States District Court for the Northern District of Texas, as this action involves a question of the application of federal law, namely the Americans with Disabilities Act of 1990, 42 U.S.C. '12101, *et seq*.

6. Plaintiff filed his charge of discrimination on April 14, 2022. Plaintiff has filed the instant action within 90 days of his receipt of the EEOC's issuance of a Notice of Right to Sue dated December 27, 2022.

7. The Court also has supplemental jurisdiction over state law claims for age discrimination under the TCHRA. (Chapter 21 of Texas Labor Code.)

8. Venue for all causes of action stated herein lies in the Northern District of Texas because the acts alleged in this complaint took place, in whole or in part, within the boundaries of this District pursuant to 28 U.S.C. '1391.

## IV.

## **FACTUAL ALLEGATIONS**

9. Plaintiff is currently 61 years of age.

10. On October 28, 2019, Plaintiff was hired by Defendant to serve as Human Resources Director. Throughout Plaintiff's employment, Plaintiff met or exceeded Defendant's expectations.

11. Defendant summarily terminated Plaintiff on January 3, 2022, and replaced him with a significantly younger, less experienced female by the name of Taylor Larkins.

12. At the time of Plaintiff's termination, his supervisor, Melissa Kessler ("Kessler"), told Plaintiff that he was being terminated because he was a "mismatch."

13. Kessler lectured Plaintiff about how he was a source of frustration for her and his co-workers, and charged Mr. Moraglia with too much delegating and not learning the work product.

14. Defendant has no documentation to support these allegations.

15. These charges took Plaintiff by surprise, since he had never been disciplined or counseled about these alleged shortcomings throughout the two years prior to his termination. Nor had he been advised of any expressed frustrations by his coworkers.

16. Kessler's final comments at the conclusion of the termination was that this determination was based upon performance, and "This was not the meeting that you were anticipating."

17. Kessler's statements suggested that the criticisms raised during the January 3 meeting had not been made in any formal fashion that would have allowed Plaintiff to respond, or otherwise modify his performance.

18. The absence of any documented warnings, these statements support a finding that the primary objective of his termination was to replace Mr. Moraglia with a younger female.

19. Plaintiff recalls a Teams meeting shortly before his termination where his profile appeared on the screen and the comment was made "now we know how old you are."

20. Also served several occasions when Kessler show preferential treatment to the female employees within the department.

21. Plaintiff was the only one that Defendant terminated at this time.

22. In in the past, other younger employees who engaged in far more serious misconduct, such as downloading pornography, or missing a critical payroll error, were not terminated.

23. Plaintiff was frequently directed to specifically look for a minority individual to fill an opening within his department, rather than the most qualified candidate.

24. These additional facts support a finding that Defendant practices preferential treatment rather than comply with its personnel policies or the state and federal employment discrimination laws.

V.

## CAUSES OF ACTION

### AS TO THE FIRST CAUSE OF ACTION

### AGE DISCRIMINATION IN VIOLATION OF THE ADEA AND CHAPTER 21 OF THE TEXAS LABOR CODE

25. The foregoing paragraphs of this Complaint are incorporated in this Count by reference as if set for at length herein verbatim.

26. At all times relevant herein, Plaintiff was an employee in the protected age bracket and meeting Defendant's expectations.

27. At all relevant times herein, Defendant, was an employer within the meaning of age discrimination in employment act. (29 U.S.C.A. s. 626 (e) et seq. and Chapter 21 of the Texas Labor Code.

28. Defendant has discriminated against Plaintiff due to his age with respect to the terms and conditions of his employment by:

   a. terminating plaintiff and replacing him with a younger less qualified female.

   b. demonstrating preferential treatment for the female employees over the plaintiff.

   c. summarily terminating Plaintiff's employment for pretextual reasons and replacing him with significantly younger, less experienced female.

29. Defendant's conduct violated the ADEA and Chapter 21 of the Texas Labor Code which prohibit age discrimination in employment.

30. The acts of age bias described above occurred within 180 days prior to the filing of Plaintiff's charge of unlawful discrimination with the Texas Workforce Commission and the EEOC.

31. All conditions precedent to filing this action for discrimination under Chapter 21 and the ADEA have been met. Plaintiff timely filed his charge of discrimination on the basis of age.

32. Defendant has engaged in a single continuous course of conduct of discrimination against Plaintiff because of his age with the intent destroy Plaintiff's career and cause him to suffer financial damages.

33. Such discrimination has caused Plaintiff to suffer future pecuniary losses,

emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

34. Defendant acted with intentional malice or with reckless indifference to Plaintiff's protected rights. Such discrimination constitutes gross, wanton, reckless, and/or intentional violation of Plaintiff's rights under Chapter 21. Plaintiff is therefore also entitled to recover punitive damages in a sum which is in excess of the minimum jurisdictional limit of this Court. Plaintiff is also entitled to recover all costs of court and attorneys' fees.

## AS TO THE SECOND CAUSE OF ACTION
## AGE DISCRIMINATION IN VIOLATION OF THE ADEA
## AND CHAPTER 21 OF THE TEXAS LABOR CODE

35. The foregoing paragraphs are incorporated herein as though fully set forth.

36. At all relevant times herein, Defendant, was an employer within the meaning of Title VII (29 U.S.C.A. s. 2000e et seq) and Chapter 21 of the Texas Labor Code.

37. Defendant has discriminated against Plaintiff on the basis of his sex with respect to the terms and conditions of his employment by:

    a. terminating plaintiff and replacing him with a younger less qualified female.

    b. demonstrating preferential treatment for the female employees over the plaintiff.

    c. summarily terminating Plaintiff's employment for pretextual reasons and replacing him with significantly younger, less experienced female.

38. Defendant's conduct violated Title VII and Chapter 21 of the Texas Labor Code which prohibit age discrimination in employment.

39. The acts of sexual bias described above occurred within 180 days prior to the filing

of Plaintiff's charge of unlawful discrimination with the Texas Workforce Commission and the EEOC .

40. All conditions precedent to filing this action for discrimination under Chapter 21 and Title VII have been met. Plaintiff timely filed his charge of discrimination on the basis of age.

41. Defendant discriminated against Plaintiff based on his sex by engaging in a single continuous course of conduct of discrimination against Plaintiff because of his sex with the intent destroy Plaintiff's career and cause him to suffer financial damages.

42. Such discrimination has caused Plaintiff to suffer future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

43. Defendant acted with intentional malice or with reckless indifference to Plaintiff's protected rights. Such discrimination constitutes gross, wanton, reckless, and/or intentional violation of Plaintiff's rights under Chapter 21. Plaintiff is therefore also entitled to recover punitive damages in a sum which is in excess of the minimum jurisdictional limit of this Court. Plaintiff is also entitled to recover all costs of court and attorneys' fees.

## VI.

## JURY DEMAND

44. PLAINTIFF DEMANDS A TRIAL BY JURY.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff has and recover the following relief against Defendant:

(1) Judgment for actual damages in the amount of past and future lost earnings and

benefits, damages to past and future earnings capacity, and past and future medical expenses;

(2) Judgment for past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses;

(3) Exemplary damages in an amount to be determined by the trier of fact;

(4) An award of liquidated and/or statutory damages in an amount equal to all lost wages, salary, employment benefits and privileges, and other compensation lost as a result of Defendant's wrongful conduct in the amount proven at trial;

(5) An order by the Court reinstating Plaintiff as an employee of the Defendant in a similar position with similar pay and benefits to that from which he was wrongfully terminated, or, in the alternative, future pay in an amount to be determined by the Court;

(6) Prejudgment and post-judgment interest at the maximum legal rate;

(7) Attorney's fees;

(8) Expert's fees;

(9) All costs of court; and

(10) Such other and further relief to which Plaintiff may be justly entitled

Dated: March 21, 2023.                Respectfully Submitted,

**KILGORE & KILGORE, PLLC**

By:   */s/ Nicholas A. O'Kelly*
NICHOLAS A. O'KELLY
State Bar No. 15241235
nao@kilgorelaw.com
**KILGORE & KILGORE**
3141 Hood St. Ste 500
Dallas, Texas 75219
(214) 379-0810 - Telephone

(214) 379-0848 - Fax

**ATTORNEY FOR PLAINTIFF
DOMINICK MORAGLIA**